IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>BERTINA JOMMI,<br><br>  Petitioner,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Wordpress.com and Automattic, Inc.  for Use in Foreign Proceedings<br>_____/ | No. C 13-80212 CRB (EDL)<br><br>**ORDER GRANTING PETITIONER'S REQUEST FOR THE ISSUANCE OF A SUBPOENA** |

Petitioner Bertina Jommi filed an Ex Parte Application For an Order Pursuant to 28 U.S.C § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. (Dkt. 1.) Petitioner seeks leave to issue a subpoena to Wordpress.com and Automattic, Inc., in connection with a criminal proceeding in Switzerland. For the reasons set forth below, the Court grants Petitioner's application.

## I.     Background

Petitioner Bertina Jommi is a licensed psychologist and psychotherapist and has a private practice in Lausanne, Switzerland. (Jommi Decl ¶ 2.) In early 2006, a Swiss child protective services agency began investigating allegations that the husband of one of Petitioner's clients may have abused one of the couple's daughters. (Jommi Decl. ¶¶ 4-5, Ex. A at 1) As a part of this investigation, the agency interviewed Petitioner. In the interview, Petitioner opined on, among other things, the relationship between her client's husband and his daughter. (Jommi Dec. Ex. A at 4-5.) The agency incorporated this interview into a report that was made part of a criminal sexual abuse investigation against the husband. (Jommi Decl. ¶ 11, Ex. A, Ex. B.) The husband was not convicted. When he learned of the report, he filed unsuccessful complaints against Petitioner before the Association of Swiss Therapists and the Federation of Swiss Psychotherapists alleging that she lied to the agency and breached doctor-patient privilege. (Jommi Decl. ¶¶ 12, 13.)

In November 2012, Petitioner learned of a blog post about her on the blog http://fauteprofessionnellesuisse.wordpress.com, which is hosted by Wordpress.com, a site that hosts blogs and provides templates free of charge. (Id. ¶ 15, Ex. C.) The title of the post was "Jommi Bertina in Lausanne," and neither the post nor the blog itself identifies the author of the post. (Id. Ex. C, Pet.'r Appl. at 7.) The post stated, among other things, that Petitioner had been dismissed as a psychotherapist due to malpractice and ethical violations, that she is incompetent and practices without a license, and that she is a "person worth avoiding if you do not want to end up at the police station after a 'simple' couples counseling." (Jommi Decl. Ex. C.) According to Petitioner, these statements closely resemble her client's husband's allegations against her, and she believes that he is the anonymous author of the post. (Jommi Decl. ¶ 17.) On November 29, 2012, Petitioner asked Wordpress.com to take down the post and "reserve[d] the right" to seek the identity of its author. Wordpress.com responded that it would not take the post down without a court order. (Jommi Decl. Ex. D.)

Plaintiff filed a criminal complaint for defamation against the anonymous poster on November 15, 2012, in Lausanne, Switzerland. (RJN, Ex. A,[1] Jommi Decl. Ex. D.) Plaintiff alleged that "this article was written and published on the web by a person who wants to hurt me because I was the therapist of his spouse in 2004 and 2005, after a report to the police by a member of my patient's family." (RJN, Ex. A.) The Swiss prosecutor suspended the investigation indefinitely on May 23, 2013, stating:

> The author of the article remains unknown and no further investigation would identify the person. Because the website to which the complainant refers is hosted in

---

[1] Petitioner requests that the Court take judicial notice of Exhibits A through G to the Declaration of Tricia Weaver. Under Federal Rule of Evidence 201(b), the court may judicially notice a fact that is not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "shall take judicial notice if requested by a party and supplied with the necessary information." See Fed. R. Evid. 201(d); Mullis v. United States Bank, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). A court may take judicial notice of public records of governmental entities and authoritative sources of foreign law, including information posted on government websites, and may also take notice of undisputed information on a private entity's website. See Stevens v. Nkwo-Okere, Case No. 13-1974 HRL, 2013 U.S. Dist. LEXIS 122172, at *5 n.3 (Aug. 27, 2013); Sears v. Cnty. of Monterey, Case No.11-1876 LHK, 2013 U.S. Dist. LEXIS 120401, at *12 (N.D. Cal. Aug. 22, 2013). Because Exhibits A through G are all either foreign court documents, pages from government websites, or undisputed information from Wordpress.com and Automattic's websites, the Court grants Petitioner's request for judicial notice.

2

> the United States, it is not possible to file a request to an international rogatory commission, because the United States does not grant assistance for offenses against honor. Therefore, the procedure must be suspended.

(RJN, Ex. B, Jommi Decl. Ex. F.)

Petitioner filed the pending ex parte application for leave to obtain discovery on October 8, 2013. By its application, "Petitioner seeks to serve third-party subpoenas under Rule 45 of the Federal Rules of Civil Procedure upon Wordpress.com and its parent company Automattic for the IP address(es) used to make the anonymous post and any other personally identifying details, such as name, email addresses, physical addresses, age, etc., which could be used to identify[] this anonymous poster." (Pet'r Appl. at 9.)

## II.     Discussion

### A.     Section 1782

Under 28 U.S.C. § 1782(a),

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

The purpose of § 1782 is to provide federal court assistance in the gathering of evidence for use in a foreign tribunal. Intel Corp. v. Advanced Micro Devices, 542 U.S. 241, 247 (2004).

A district court is authorized to grant a § 1782 petition where: (1) the person or entity from whom discovery is sought resides or is found in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or any interested person. In re Comm'r re Request for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. § 1782, Yamaha Motors

3

Espana, Case No. 11-80136 RS (MEJ), 2011 U.S. Dist. LEXIS 75471, at *8 (N.D. Cal. July 13, 2011) (hereinafter "Yamaha") (granting application seeking issuance of subpoenas to Wordpress.com and Automattic to identify individuals who authored anonymous blog).  The information sought need not be discoverable under the law governing the foreign proceeding, and "[t]he Supreme Court has also held that a § 1782(a) applicant is not required to show that United States law would permit 'discovery in domestic litigation analogous to the foreign proceeding.'"  In re Gianasso, Case No. 12-80029 SI, 2012 U.S. Dist. LEXIS 25763, at *3 (N.D. Cal.  Feb. 28, 2012) (quoting Intel, 542 U.S. at 263).

      A district court is not, however, required to grant a § 1782 application when it has the statutory authority to do so.  In exercising its discretion, a court considers: (1) whether the person from whom discovery is sought is a participant in a foreign proceeding, as "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and "their evidence, available in the United States, may be unobtainable absent § 1782(a) aid;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is unduly intrusive or burdensome.  Intel, 542 U.S. at 264-65.

      Petitioner has met the statutory requirements for § 1782 relief.  Petitioner seeks to subpoena Wordpress.com and Automattic, Inc.  Wordpress.com is a blog-hosting service operated by Automattic, which is located in San Francisco, and thus these entities reside in this district.   (RJN, Exs. C, D, E.)  Petitioner seeks this discovery for use in a proceeding before a foreign tribunal; a Swiss criminal investigation that has been suspended due to the unavailability of the information sought.  See 28 U.S.C. § 1783(a) (allowing discovery for use "in criminal investigations conducted before formal accusation"); Gianasso, 2012 U.S. Dist. LEXIS 25763 at *4-*5 (finding that discovery sought for use in Swiss criminal proceeding that was also necessary for instituting a civil defamation proceeding satisfied § 1782).  Although the Swiss criminal investigation is suspended, § 1782(a) requires only that a dispositive, reviewable ruling "be within reasonable contemplation." Intel, 542

4

U.S. at 259.  Further, Petitioner is the complainant in the criminal proceeding and thus an interested person for purposes of § 1782(a).  Gianasso, 2012 U.S. Dist. LEXIS 25763 at *5.

The discretionary factors also weigh in favor of granting Petitioner's application.  Wordpress.com and Automattic are not parties in the Swiss criminal proceeding, so their evidence is unobtainable absent § 1782 aid.  Id. at *5; Yamaha, 2011 U.S. Dist. LEXIS 75471, at *11.  The nature of the foreign tribunal, character of the proceedings, and receptivity of the foreign government to U.S. judicial assistance weigh in favor of granting the application as well.  The criminal investigation was suspended because the identity of author of the blog post was unknown.  (RJN, Ex. B.)  Identifying information is therefore critical to the investigation, and the prosecutor would appear to be receptive to U.S. judicial assistance.  Gianasso, 2010 U.S. Dist. LEXIS 25763 at *5; see also Weber v. Finker, 554 F.3d 1379, 1384 (11th Cir. 2009) (affirming § 1782 discovery order where petitioner sought judicial assistance in context of Swiss criminal proceeding).  Moreover, there is nothing to suggest that Petitioner's § 1782 request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.  Gianasso, 2012 U.S. Dist. LEXIS 25763 at *5; Yamaha, 2012 U.S. Dist. LEXIS 75471 at *12.

Finally, Petitioner's request is also not unduly intrusive or burdensome.  In assessing this issue, courts are guided by the standards in the Federal Rules of Civil Procedure.  Yamaha, 2011 U.S. Dist. LEXIS 75471 at *13.  Rule 26(b)(1) provides that parties may obtain discovery that is relevant to any party's claim or defense.  The identity of the author of an allegedly defamatory blog post is relevant to Petitioner's criminal defamation complaint.  Further, in evaluating whether there is good cause to allow early discovery to determine the identity of an unknown party, courts consider whether the applicant: (1) identifies the party with sufficient specificity that the court can determine that the party is a real person subject to suit; (2) identifies all previous steps taken to locate and identify the party; (3) demonstrates that the action can withstand a motion to dismiss; and (4) proves that the discovery is likely to lead to identifying information.  Columbia Ins. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal.1999).  Petitioner has satisfied these requirements.  Petitioner seeks the identity of the author of a specific post on a specific blog and has identified the post by its url.  (Jommi Decl. Exs. C., D.)  Petitioner also recounts the steps

5

that she took to identify the author. The investigation was instigated and has not been dismissed, but instead only suspended due to lack of information about the identity of the blog poster. Additionally, Petitioner's proposed subpoena is narrowly tailored to seek IP addresses and subscriber information likely to identify the author of the blog post and does not seek the content of any communication. See Yamaha, 2011 U.S. Dist. LEXIS 75471 at *14, *17-*18; Gianasso, 2012 U.S. Dist. LEXIS 25763 at *5; Yamaha, 2011 U.S. Dist. LEXIS 75471 at *14.

### B. Cable Privacy Act

Petitioner's application requests that any order issued by the Court state clearly that the Court contemplated the Cable Privacy Act and that the order specifically complies with the Act's requirements. The Cable Privacy Act prohibits cable operators from disclosing personally identifiable information regarding subscribers without either the prior written or electronic consent of the subscriber or a court order, provided that the cable operator provides the subscriber with notice of the disclosure. 47 U.S.C. § 551(c)(1), (c)(2)(B). Section 522 of Title 47 defines "cable operator" as "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."

Petitioner asserts that the Court's order should comply the Cable Privacy Act because Wordpress.com and Automattic could be considered cable operators. Accordingly, Petitioner's § 1782(a) discovery is conditioned on Wordpress.com and Automattic having 7 calendar days after service of the subpoenas to notify the subscribers that their identity is sought by Petitioner, and each subscriber whose identity is sought having 21 calendar days from the date of such notice to file any papers contesting the subpoena. The Court's ruling here does not preclude the subpoena from being contested on other grounds not presently before the Court. Yamaha, 2011 U.S. Dist. LEXIS 75471, at *18.

### III. Conclusion

For the reasons set forth above, the Court grants Petitioner's application. Petitioner may serve the subpoena (Dkt. 2, Ex. A.) with the following conditions:

(1) Petitioner may only use the information disclosed to prosecute the claims made in the Swiss criminal proceeding and any subsequent libel suit and may not release any identifying information without a court order allowing the release of the information;

(2) Within 7 calendar days after service of the subpoenas, Wordpress.com and Automattic shall notify the subscribers that their identities are sought by Petitioner and shall serve a copy of this order on each subscriber. Each subscriber whose identity is sought may, within 21 calendar days from the date of such notice, file documents with the Court that contest the subpoena;

(3) If Wordpress.com and/or Automattic wish to move to quash the subpoena issued to it, they shall do so before the return date of the subpoena. If such a motion is brought, Wordpress.com and/or Automattic shall preserve the information sought by Petitioner in the subpoena pending resolution of such motion; and

(4) Petitioner shall reimburse Wordpress.com and/or Automattic for all mailing fees.

**IT IS SO ORDERED.**

Dated: 11/15/13

ELIZABETH D. LAPORTE
United States Magistrate Judge

7